# GRAFTON,

## JULY TERM, A. D. 1847.

### FARR *v.* WHEELER.

A party excepting to an order of the Court of Common Pleas, allowing an amendment of a writ, must show, from the case sent up, that it was such an amendment as that court could not, in the exercise of a legal discretion, have granted; otherwise the presumption will prevail that the order was legally made.

If two agree together that they shall be jointly liable upon contracts made by one of them, although the credit is given to him who makes the contract, they may be jointly holden in an action thereon.

Partnership, or joint liability between two persons living together upon a farm, may be inferred from evidence that one of them has been in the habit of ordering goods for their common use, labor and materials for

Farr *v.* Wheeler.

the improvement of buildings in their joint occupancy, and mechanic's work ordinarily incident to farming operations, and that the debts contracted by him have in various instances been paid by the products of the farm, in the sale of which both participated; and from the admission of one of them, that on some occasions the other had authority to act for both, although he reserved the right to disavow such acts as he might deem disadvantageous.

False declarations, and acts designed falsely to give credit to another, whereby persons are induced to sell him goods on trust, do not render the author of such declarations and acts liable jointly with the party who has gained credit by them, in an action for goods sold; although the object of the party making the false demonstrations was to share in the goods purchased.

ASSUMPSIT, upon an account annexed to the writ, which is as follows:

| GEORGE A. WHEELER to OTIS BATCHELDER, | Dr. |
|---|---|
| To balance due on book, | 4.16 |
| 1842, Sept. 21, interest, | 1.83 |
| | $5.99 |

At the trial in the Court of Common Pleas the plaintiff moved for leave to file an amended specification, as follows, to wit:

| GEO. A. & GEO. W. WHEELER to OTIS BATCHELDER, | | Dr. |
|---|---|---|
| 1841, Aug. 24. | To 1 calf-skin, | 1.75 |
| 1842, March 6. | To 10 lbs. 6 oz. sole leather, | 3.07 |
| 1842, Sept. 15. | To ½ bushel of hair, | .25 |
| | | 5.07 |
| 1842, July 9. | Cr. by 9 lbs. 2 oz. calf-skin, | .91 |
| | | 4.16 |
| | Interest, | 1.83 |
| | | $5.99 |

To the admission of this amendment the defendant objected, but the court admitted it.

To prove the delivery of the goods and the partnership of the defendant, the plaintiff offered a number of depositions, the effect of which was that George A. Wheeler was the son of George W., and resided with him as part of his family; that he was accustomed to order work to be done for the improvement or repair of the buildings which they occupied; that he made purchases of lumber of different individuals for that purpose; that he ordered blacksmith's work for the farm, such as shoeing beasts commonly worked there, and mending chains used on the farm; that he ordered goods at the stores that were consumed in the family; that the leather, for the price of which the action was brought, was used in making and mending shoes for different members of the family; that the debts contracted by George A. for the various objects named, were in several instances paid by cattle sold from the farm, in the sale of which the two defendants participated. In some instances payments were made in grain from the farm, delivered by one or the other defendants; that George A. Wheeler was accustomed generally to do the trading, to make the bills and take receipts, and to order the various articles that were bought to be consumed in the family. Upon one occasion George W. Wheeler was proved to have said that if the boys made a trade, and it did not suit him, he could break it up, and would, and had a right to do so. In some instances George W. Wheeler was sued for such debts, contracted by George A., and paid them.

To the competency and relevancy of this evidence the defendants objected, but it was admitted by the court.

For the same purpose the plaintiff called a witness, who testified that one Ainsworth left in his office for collection a note against George A. Wheeler, which he presumed, from an inspection of Ainsworth's books, was given to settle an account upon the books against George A. The witness disregarded the note, and brought an action upon

the account against George W. Wheeler, who paid the sum demanded, and received the note given up by the witness.

To this testimony the defendants objected, but the court admitted it. They contended that the foregoing evidence was not competent to show a co-partnership, or any joint contract, nor any liability of George W. Wheeler in this action, and ought not to be submitted to the jury for the purpose of enabling them to find such facts.

The court instructed the jury that the evidence was competent to prove that the defendants were both liable in the action; that if the jury should believe that an agreement or understanding existed between the defendants, that they should be jointly liable for contracts made by George A. Wheeler, although the credit should be given at the time, and the charge made to George A. alone, the plaintiff might maintain an action against both; or, if the jury should believe that George W. Wheeler held out to the world falsely, and for the purpose of enabling him to gain credit; and with the intent to participate in the property that George A. should be enabled to acquire by means of that false credit, that George A. was to have his property, in that case George W. would be liable in this action as a partner.

The jury returned a verdict for the plaintiff, which the defendants moved to set aside, by reason of the several rulings and instructions, and for a new trial.

*Goodall* and *Morrison*, for the defendants.

*Rand* and *Bellows*, for the plaintiff.

GILCHRIST, J. The court in which an action is pending may grant the plaintiff leave to amend his declaration to any extent consistent with the general frame of the writ, and not changing the original cause of action. This may

Farr *v.* Wheeler.

be done by adding a new count, or by altering the old; it may be done for the purpose of correcting a clerical error, or for that of stating in a more perfect or approved technical form the gravamen of the suit.

An amendment has been granted by the Court of Common Pleas in the exercise of the discretion properly appertaining to that jurisdiction. The defendant has excepted to the order, upon the ground that a case had not been made justifying the exercise of the court's discretion—in other words, because the amendment is not consistent with the original writ, but introduces another and wholly different cause of action.

But this does not appear upon the case as stated; indeed, there are many indications to the contrary; indications that the amendments allowed were consistent with the original frame of the writ, and that they did not change the first cause of action. The insertion of the name of one only of the defendants, in the account annexed to the writ and referred to in the declaration, counting upon the promise of the two defendants, bears strongly the aspect of a clerical error in stating the cause of action; and the identity of the sum ascertained by spreading the account upon the record, with the sum described in the original declaration as the balance of an account, indicates at least the probability that the cause of action intended in both counts may be the same.

But this is really no subject proper for present consideration. No ground of exception appears in the case as stated, and the party in whose favor the ruling was, is not required, upon the mere allegation of an error, to show the court here that a sufficient cause existed in the court below. The burden is upon the party taking or urging the exception, to point out in the case as drawn the evidence of the error.

The amendment, for any thing that appears, was correctly allowed, and we must presume that it was properly and legally done.

Another exception is taken to the evidence, as being incompetent or insufficient to establish such a connection between the defendants as to admit of an action to charge them upon a joint liability to pay for the goods furnished by the party under whom the plaintiff derives his right to sue.

There is evidence, which, if it stood alone, would tend to show that George A. Wheeler was the only party indebted, while other facts would, under like circumstances, seem to point to George W. Wheeler as the debtor. But such are ordinary incidents in the course of proving the private relations between parties who have a motive in declining to admit them ; and such evidence, in conflict with itself, may well be laid aside, if other facts are shown which, unexplained, have a tendency to establish the imputed connection.

There is evidence that the debts contracted by George A. Wheeler were paid by the sale of cattle and other products of the farm, which, though apparently owned by George W. Wheeler, was worked and managed by the two defendants in conjunction ; that the two participated in negotiating the sale of the cattle which were so disposed of, although it seems from the evidence that George A. Wheeler commonly made the trades that were incident to their joint pursuit. It also appears that he commonly ordered goods required for the use of the family, and work of mechanics for the use of the farm, and for the improvement or repair of the buildings. Another fact of some significance, and fit to be considered in connection with the whole of the evidence, is that George W. Wheeler on one occasion remarked that "if the boys," meaning his sons, "made a trade, and it did not suit him, he could break it up; and would, and had a right to do so." This shows that he had a purpose of discriminating between the acts which his sons might assume to perform ; and that while he reserved to himself the right to disavow such as he did

not like, he, by reasonable inference, admitted a general authority in them to "make trades" for the common benefit and in the name of all.

It is unnecessary to suggest that a general authority cannot be so qualified; and the reprehensible purpose of George W. Wheeler, if such purpose is truly indicated by the expression referred to, of adopting such of his sons' acts as were favorable, and rejecting such as were otherwise, would justify a jury in finding a partnership, or such other relation between the parties as might best consist with the other evidence.

We think, therefore, that the evidence contained in the depositions was competent to enable the jury to find the joint liability of the defendants. It goes, moreover, directly to prove that the goods sued for were received and used for the benefit of both the defendants.

The court correctly instructed the jury that if there was an agreement between the defendants that they should be jointly liable upon contracts made by George A. Wheeler, although the credit should at the time be given to him alone, the plaintiff might maintain an action against both. Such an agreement is in the nature of a copartnership. It clothes the active member with the power to bind the two by a contract with third persons, and renders his engagement the engagement of both.

In this respect it is like the case of a dormant partner, who is liable, although no credit was knowingly given to him; and is analogous to that of a factor, who does not disclose the name of his principal, but whose acts bind him not the less.

But the verdict must be set aside. The witness was improperly permitted to state what the books of Ainsworth contained, which were not produced.

The court, moreover, erroneously instructed the jury upon the effect of evidence that George W. Wheeler held out to the world that his son was to receive his property.

Farr *v.* Wheeler.

If he did this for the purpose of enabling the son to get credit, it was a fraud, and for that fraud he would in a proper form be answerable. But it would not make him a partner with the son, although the object of the fraud were to obtain goods upon the credit of the son for the joint benefit of the two parties.

The verdict must, therefore, be set aside and

*A new trial granted.*